■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEON JOHNSON, Appellant.— Judgment unanimously reversed, on the law, the sentence and commitment vacated, and the matter remanded to the Justice by whom the judgment was rendered for further proceedings in accordance with section 935 of the Code of Criminal Procedure. In May, 1964, after a plea of guilty, appellant was sentenced as a youthful offender, with commitment ordered to Elmira Reception Center. Execution of the sentence was suspended, however, and appellant was placed on strict probation. The following September appellant was arraigned before another Justice for violating probation and pleaded guilty to the charge that he had associated with persons with criminal records. Defendant was paroled pending preparation by the probation department of a report supplementing the report it had originally prepared for the sentencing Justice. The court considering the violation of probation charge thereafter directed the probation department to send copies of both reports to the sentencing Justice with a request for his recommendation. He recommended commitment to the Elmira Reception Center and the court adopted the recommendation. In doing so, however, as the record clearly shows, the court was under the impression that it had no choice but to follow the recommendation and was precluded from exercising its own judgment in the matter. The impression was erroneous. To seek and consider the recommendation was proper, but under section 935 of the Code of Criminal Procedure, the court before whom a probationer is arraigned for violation of probation is alone charged with the responsibility of determining whether probation should be revoked, continued or modified, and, if revoked, of deciding what sentence should be imposed. Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.

■ JAMES THOMPSON, Appellant, v. CITY OF NEW YORK et al., Respondents.— Judgment granting judgment in favor of defendants City of New York and Angelo Rodriguez, unanimously reversed, on the law and the facts, and the verdict of the jury, which found the afore-mentioned defendants liable to the plaintiff, is reinstated with $50 costs and disbursements to the appellant. The plaintiff in this action was injured when he was hit by a stray bullet fired in a gun battle involving the defendant Policeman Rodriguez, his partner Jones, and a felon who was attempting to escape from the scene of a robbery. In the main, the case presents two issues of fact to be determined by the jury, i.e., (1) whether the plaintiff was hit by a bullet from the gun of the police officer Rodriguez, and (2) whether Rodriguez was negligent in the manner in which he discharged his gun. The questions were fairly presented, and the charge properly gave the issues to the jury. The verdict of the jury was supported by the evidence presented and, therefore, it was error to set aside the jury's verdict, and, accordingly, the verdict is reinstated. Settle order on notice. Concur — Breitel, J. P., Rabin, McNally, Eager and Steuer, JJ.